IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


LOUISE ODEN                              §

Vs.                                      §              CIVIL ACTION NO. 2:07CV261

VANGUARD CAR RENTAL USA, INC.    §


**MEMORANDUM OPINION AND ORDER**

1.      **Introduction**

        This putative class action case challenges the defendant's contractual provisions governing

refueling of rental vehicles.  The defendant has moved to dismiss the complaint for failure to state

a claim (#11).  That motion is granted for the reasons explained in this opinion.  Plaintiff is granted

leave to file an amended complaint within fourteen (14) days from the date of this order.

2.      **Factual Background and Procedural Posture**

        The plaintiff, a resident of Harrison County, Texas, brought this case on behalf of a class of

persons who rented vehicles from the defendant and were charged a refueling service fee in

connection with such transactions.  The plaintiff alleges that on or about May 26, 2006, she rented

a vehicle from a Vanguard location in Marshall, Texas.  Vanguard operates under the brand name

"National."

        The plaintiff alleges the Vanguard rental agreement requires consumers to either (a) purchase

a full tank at the time of the rental (the "Fuel Service Option"), or (b) fill the gas tank before

returning the vehicle.   If the consumer chooses the Fuel Service Option, he or she is charged for a

full tank of gas before leaving the rental location.  The consumer may then return the vehicle with any level of gas in the tank and avoid further charges.  The price charged per gallon of gas under the Fuel Service Option is at or near local market prices.  The price may also include whatever cost Vanguard incurs in re-filling the gas tank when the car is returned with less than a full tank of fuel. If the consumer does not choose the Fuel Service Option, then he or she agrees to fill the tank before returning the vehicle.  If the consumer fails to return the vehicle with a full tank of gas, then Vanguard charges the customer a Re-Fueling Service Charge.

The plaintiff did not select the Fuel Service Option.  When she returned the vehicle with less than a full tank of gas, Vanguard charged her $4.95 per gallon under the Refueling Service Charge portion of the contract.  The plaintiff contends that this contractual provision operates as a penalty because it is not a reasonable estimate of the damages Vanguard suffers in the case of the customer's breach of her obligation to re-fill the tank.  According to the allegations, Vanguard reasonably estimates the cost incurred in such circumstances, as reflected by the price charged under the Fuel Service Option.  According to the plaintiff, the increased price per gallon charged under the Re-Fueling Service Charge is a penalty because Vanguard's refueling costs in either circumstance are the same.  Plaintiff, on behalf of herself and others similarly situated, challenges the contractual provisions under the Texas Uniform Commercial Code, common law breach of contract, money had and received, and unjust enrichment.

Vanguard has moved to dismiss the case for failure to state a claim upon which relief may be granted.  Vanguard's principal argument is that the Texas UCC provisions do not create an affirmative cause of action for "penalty" under the alleged facts.  Rather, under the Texas UCC, an argument that a liquidated damages provision is a penalty or is substantively unconscionable is an

2

affirmative defense to its enforcement in a suit on the lease contract.  Further, Vanguard contends that the plaintiff has not sufficiently stated a claim for breach of contract or unjust enrichment.  To support its motion, Vanguard points to other decisions that have dismissed nearly identical claims. *Guerra v. Hertz Corp.*, 504 F. Supp.2d 1014 (D. Nev. 2007)(granting motion to dismiss for failure to state a claim on the grounds that the refueling fee was not procedurally or substantively unconscionable and was neither a liquidated damages provision or a penalty but an option); *Ramon v. Budget Rent-A-Car System*, 2007 WL 604795 *4 (D.N.J. Feb. 20, 2007)(granting motion to dismiss on the grounds that refueling fee was not unreasonable in light of Budget's anticipated harm); *see also Barnard v. Home Depot U.S.A., Inc.*, 2006 WL 3063430 (W.D. Tex. Oct. 27, 2006)(dismissing allegation that Texas UCC creates an affirmative cause of action for penalty or unconscionable term in lease contract).  The plaintiff has responded, and the motion is ripe for decision.

**3.      Discussion**

**A.      Rule 12(b)(6) Standards**

Generally, a district court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The complaint is construed in favor of the plaintiff, and all facts pleaded in the complaint are accepted as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  To survive a motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

### B.      Plaintiff fails to state a claim under the Texas Uniform Commercial Code

Vanguard argues that (1) the Texas Uniform Commercial Code ("UCC") provisions relied on by the plaintiff do not support affirmative relief; (2) the Refueling Service Charge is not unconscionable; and (3) the charge is not a penalty under Section 2A.504.  Based on the current state of the law, the court agrees with Vanguard's first argument and dismisses the claim under the Texas UCC.

The plaintiff's UCC claims arise under Sections 2A.108 and 2A.504.  Section 2A.108 is a provision governing lease contracts related to substantive unconscionability.  It provides:

> If the court as a matter of law finds a lease contract or any clause of a lease contract to have been unconscionable at the time it was made, the court may refuse to enforce the lease contract, or it may enforce the rest of the lease contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Tex. Bus. & Comm. Code § 2A.108(a).

Section 2A.504 of the UCC relates to liquidated damages provisions found in lease contracts.

It provides:

> (a)      Damages payable by either party for default or any other act or omission, including indemnity for loss or diminution of anticipated tax benefits or loss or damage to lessor's residual interest, may be liquidated in the lease agreement but only at an amount or by a formula that is reasonable in light of the then anticipated harm caused by the default or other act or omission. In a consumer lease, a term fixing liquidated damages that are unreasonably large in light of the actual harm is unenforceable as a penalty.

> (b)      If the lease agreement provides for liquidation of damages, and such provision does not comply with Subsection (a) or such provision is an exclusive or limited remedy that circumstances cause to fail of its essential purpose, remedy may be had as provided by this chapter.

Tex. Bus. & Comm. Code § 2A.504.

4

In *Barnard v. Home Depot U.S.A., Inc.*, 2006 WL 3063430 (W.D. Tex. Oct. 27, 2006), the court considered a class action challenging a damage waiver included in an equipment rental contract.  The plaintiff brought various claims for relief challenging the fee charged by Home Depot for the waiver.  The court dismissed the case, concluding that "the remedies under Texas UCC § 2A.108(a) are defensive in nature, and do not vest courts with the discretion of granting all appropriate relief."  Likewise, *Barnard* concluded that "given the current state of the law, the . . . illegal penalty provision contained in Texas UCC 2A.504 is defensive in nature and a claim for affirmative relief under this statute should also be dismissed."  *Id.*

In reaching its conclusion that a penalty assertion is only defensive in nature, *Barnard* relied on decisions from Texas and elsewhere.  The Texas Supreme Court has observed, albeit in a different context, that an assertion that a liquidated damages clause is a penalty "is, in the language of [the affirmative defense rule], a matter constituting an avoidance or affirmative defense." *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991)(internal quotation omitted).  Although the Texas Supreme Court was not addressing the issue presented in this case, the most recent Texas intermediate court to address the question concluded that under Texas common law, penalty was an affirmative defense and not an independent cause of action.  *Gallardo v. TCI Cablevision of Texas, Inc.*, 2004 WL 1932662 (Tex. App.–Corpus Christi 2004).  Moreover, while language in one Texas intermediate court appears to support a contrary result, *see TCI Cablevision of Dallas, Inc. v. Owens*, 8 S.W.3d 837 (Tex. App.–Beaumont 2000, pet. dism'd by agr.), the case was concerned primarily with class certification issues.  The plaintiff has cited no Texas case authorizing an affirmative claim for relief under the relevant UCC provisions.

The law from other jurisdictions supports the defendant's argument.  *Barnard* cited and is

5

consistent with *Horne v. Time Warner Operations, Inc.*, 119 F.Supp.2d 624, 630 (S.D. Miss. 1999), *affirmed* 228 F.3d 408 (5th Cir. 2000). In that case, a putative class of cable television subscribers sued the provider, claiming in part that its late fees were penalties. The plaintiffs sought to recover the unlawfully retained penalties from the provider. The district court, applying Mississippi law, held "there is no affirmative cause of action based on a claim of unlawful liquidated damages or penalty. Such a claim is merely a defense to enforcement of the penalty." The district court dismissed all of the claims, including those for breach of contract, conversion, liquidated damages and money had and received. The Fifth Circuit summarily affirmed the judgment "[f]or the reasons stated by the district judge in his memorandum." 228 F.3d 408 (unpublished).

Finally, the Eleventh Circuit has held that analogous provisions under the UCC as adopted in Alabama and Ohio do not support an affirmative cause of action for an unconscionable term in a contract. *Cowin Equipment Co., Inc. v. General Motors Corp.*, 734 F.2d 1581 (11th Cir. 1984). These authorities counsel the court to hold that under the Texas UCC, there is no affirmative cause of action for penalty or an unconscionable term in a lease contract. Rather, those matters are defenses that may be raised against enforcement of the contract.[1]

---

[1]      Plaintiff also suggests she has stated a claim for relief for procedural unconscionability. Section 2A.108(b) of the UCC provides that "[w]ith respect to a consumer lease, if the court as a matter of law finds that a lease contract or any clause of a lease contract has been induced by unconscionable conduct . . . the court may grant appropriate relief." Tex. Bus. & Comm. Code § 2A.108(b). For essentially the reasons stated in *Barnard*, the court finds that dismissal of this claim is proper. The contract disclosed the Refueling Service Charge, and the contract documents were all provided to the plaintiff when she rented the vehicle. Although some terms related to the charge were included in the rental agreement jacket provided to plaintiff *after* she executed the agreement, the terms of the agreement expressly include those found in the jacket. Moreover, the plaintiff initialed a portion of the agreement related to the charges at issue. There are no allegations of fraud in the inducement of the contract, and the complaint thus falls short of alleging that the circumstances surrounding the execution of the agreement were "grossly unfair," as required to state a claim for procedural unconscionability.

6

### C.    Plaintiff does not state a claim for breach of contract

Under the facts as alleged, the plaintiff was charged a Refueling Service Charge under the terms of the contract with Vanguard when she returned her rental vehicle with less than a full tank of gas.  Under Texas law, the elements of a cause of action for breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston 2003).  Under Texas law, the alleged penalty would constitute a defense to a suit by Vanguard to recover the Refueling Service Charge if, for instance, the plaintiff had disputed the validity of the charge or refused to pay it when she returned the vehicle.  Here, however, the plaintiff has essentially alleged that she complied with the terms of the agreement, including those she now contends should not be enforced.  Such facts do not amount to a breach of contract under Texas law.

### D.    Plaintiff does not state a claim for money had and received and unjust enrichment under Texas law

In *Ramon v. Budget Rent-A-Car System*, 2007 WL 604795 (D. N.J. Feb. 20, 2007), the court, applying both Texas and New Jersey law, dismissed a case virtually identical to this one because it concluded, as a matter of law, that a refueling service charge was not an unreasonable penalty.  The court observed that Budget provided a service by not requiring the plaintiff to spend valuable time and effort finding a gas station before returning the vehicle.  The court reasoned that the plaintiff's allegations of penalty, which relied on the difference between the charges for the pre-paid option and the refueling option, were flawed because many renters who pre-paid for fuel might return their

_____

*Barnard*, at **4-5.

7

vehicles with a substantial amount of fuel in the tank.  In other words, Budget could charge less per gallon for the pre-paid option and still expect to cover its aggregate refueling costs because many of its renters would have pre-paid for more fuel than they ultimately used.  As a result, the court rejected the plaintiff's allegations of penalty under virtually identical allegations.  In the absence of any authority to the contrary, and particularly because the court was applying Texas law, this court is persuaded it should follow *Ramon* in this case.  Under these allegations, the Re-Fueling Service Charge is not an unenforceable penalty.

When a valid, express contract covers the subject matter of the parties' dispute, a plaintiff cannot recover under a quasi-contract theory such as unjust enrichment.  *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.2d 671, 684 (Tex. 2000).  In the present case, the court has concluded that the Re-Fueling Service Charge is not an unenforceable penalty and it is plain that the parties relationship is governed by an express contract.  Therefore, dismissal of the unjust enrichment claim is proper.

Likewise, "a claim for 'money had and received' is equitable in nature."  *Best Buy Co. v. Barrera*, 2007 WL 4216615 (Tex. 2007)(decertifying class for money had and received).  The plaintiff in this case must prove that the funds retained by Vanguard "in equity, justice and law" belong to her.  *Id*. at *2. (*quoting Staats v. Miller*, 150 Tex. 581, 243 S.W. 686, 687 (Tex. 1951)).  Because the court has concluded that plaintiff's allegations that the Re-Fueling Service Charge is a penalty are insufficient to state a claim, dismissal of the claim for money had and received is also proper.

### D.    Plaintiff's injunctive and declaratory relief claims fail absent a cause of action

Because the court has concluded that the facts as alleged do not support a cause of action, the court is constrained to dismiss the plaintiff's remedial claims for injunctive and declaratory relief.

8

**4.**      **Conclusion**

The court grants the motion to dismiss for failure to state a claim (#11).  Plaintiff is granted leave to amend her complaint, if she is able, to state a valid claim under Texas law.  Any amended complaint shall be filed within fourteen (14) days from the date of this order.

SIGNED this 31st day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE